BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**NATALIE K. WIGHT, OSB #035576**
Assistant United States Attorney
natalie.wight@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00437-JO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JUAN CARLOS RAMON,** | |
| **Defendant.** | |

INTRODUCTION

Defendant directed and produced sexually explicit online videos and images of two minor victims ages 6 and 8 years-old. Defendant should receive a 262-month (low-end of the guidelines) sentence on each Count, to run concurrent, with a lifetime term of supervised release. Defendant seeks a downward variance to a 180-month mandatory minimum sentence.

**FACTUAL BACKGROUND**

I.   **The Offense Conduct**

The government concurs with the summary of facts in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant.

In 2017, defendant Juan Carlos Ramon was 32 years old and had spent most of his life working in education, non-profit programming, and family services organizations. Around June of 2017 defendant began communicating online with two young girls, ages six and eight. In order to gain the girls' trust, he pretended to be another young girl named "@lexithetiger." He told them he was bored and convinced them to play a game of "Simon Says" where defendant would send a picture of "herself" (pretending to be a young girl), and the victims would need to send a picture in return of them doing the same thing. A copy-cat game. First defendant sent pictures of a young girl's face, then a picture of a girl in her underwear, escalating to where he was exchanging photos with the girls that included their frontal nudity, buttocks and exposed vaginal areas. Finally, he sent a picture of a girl masturbating with a marker.

At first, the girls did not want to make the masturbation video and didn't have anything to use. He directed the 6 and 8 year old to use their fingers "for 30 seconds." He told one victim "U can record the video and she can do that." The girls sent the video of digital masturbation. But defendant did not stop there. He continued to coerce them into producing even more graphic videos, asking the girls to perform oral sex on each other. Finally, the young girls' relative discovered the communications, and contacted the police.

Law enforcement obtained the user information and IP address for "@lexithetiger" and obtained a search warrant for defendant's residence in November 2017. During the search,

several electronic devices were seized and defendant agreed to a voluntary interview. He told officers that he had been chatting with minor females online and requesting pornographic images for the past several years. He admitted that the majority of child pornography images and videos depicted girls in grade school to middle school, who were approximately 10-13 years old.

Defendant was arrested November 16, 2017, and has remained in custody.

## II.    The Charges

On December 5, 2017, defendant was charged by Indictment with 2 Counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) and a forfeiture allegation.

## III.    The Plea Agreement, Guideline Computation & Sentence Recommendation

The government agrees with the following PSR computations:

| Enhancement | Calculation |
|---|---|
| Base—U.S.S.G. § 2G2.1(a) | 32 |
| Victims Under Age 12—§ 2G2.1(b)(1)(A) | +4 |
| Sex Acts—§ 2G2.1(b)(2)(A) | +2 |
| Misrep. of ID to induce minors—§ 2G2.1(b)(6) | +2 |
| Multiple Count Adjustment—§ 3D1.4 | +2 |
| Pattern of Activity—U.S.S.G. § 4B1.5(b) | +5 |
| Acceptance of Responsibility—§ 3E1.1 | -3 |
| | |
| **Adjusted Total Offense Level** | **43 (max offense level)** |
| **Criminal History Category** | **I** |
| **Resulting Guideline Range** | **720 months (stat max)** |

Defendant agreed to plead guilty to Counts 1 and 2 of the Indictment. The government recommends that defendant receive a three-level reduction for acceptance of responsibility. The government also took into consideration defendant's post-offense rehabilitation efforts and exceptional cooperation with law enforcement since the execution of the warrant. Therefore,

after a four-level downward variance under 18 U.S.C. § 3553, the adjusted guideline range is 262 – 327 months.  Based on the plea agreement, government agreed to recommend no more than a low-end sentence of 262-months.  Even with the downward variance, the guidelines range for defendant's conduct is substantial, and represents a punishment commensurate with the level of harm committed by defendants who sexually exploit pre-pubescent children.  The charges in this case only reflect the abuse of two children, but defendant honestly admitted that there were many more children he had sexually exploited online over several years.

One of the most devastating factors in this case, is that defendant has a degree in sociology and a master's in school counseling.  He spent his career educating children and helping their families; but all the while, he was hiding this dark secret where he could not seek help for himself.  When defendant's conduct was finally discovered, his acceptance of responsibility was immediate.  He now has the ability to openly seek counseling and to start addressing his mental health concerns.  His post-arrest conduct has been truly exceptional.  Defendant has taken full responsibility for his actions and is amenable to extended treatment programming while incarcerated.

While a 262-month sentence is significant, it is not greater than necessary, to comply with all the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, the nature and seriousness of the offense, defendant's history and characteristics, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by defendant.

//

//

## CONCLUSION

Based on the foregoing, the government recommends the Court impose a low-end of the guidelines-sentence of 262 months on each Count, to run concurrent, followed by a lifetime term of supervised release. U.S. Probation concurs with this recommendation.

Dated: November 13, 2019

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*Natalie K. Wight*
NATALIE K. WIGHT, OSB #035576
Assistant United States Attorney